[Cite as *State v. Eblin*, 2020-Ohio-810.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. CT2019-0037 |
| JESSICA N. EBLIN | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Muskingum County
                              Court of Common Pleas, Case No.
                              CR2019-0012

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       March 4, 2020

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

D. MICHAEL HADDOX                     JAMES A. ANZELMO
Prosecuting Attorney                  446 Howland Drive
Muskingum County, Ohio                Gahanna, Ohio  43230

TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio  43701

*Hoffman, P.J.*

{¶1} Appellant Jessica N. Eblin appeals the judgment entered by the Muskingum County Common Pleas Court convicting her of two counts of burglary (R.C. 2911.12(A)(1),(2)), forgery (R.C. 2913.31(A)(1)), vandalism (R.C. 2909.05(A)), tampering with evidence (R.C. 2921.12(A)(2)), forgery by uttering (R.C. 2913.31(A)(3)), tampering with records (R.C. 2913.42(A)(2)), and two counts engaging in a pattern of corrupt activity (R.C. 2923.32(A)(1),(2)), following her pleas of guilty. The court sentenced Appellant to 12 years incarceration and ordered her to pay restitution in the amount of $184,900.00. Appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On October 28, 2018, Miranda Thomas noticed someone had broken in to her residence located at 152 North Main Street, Roseville, Ohio. She called the sheriff's department.

{¶3} While waiting for the police to arrive, Ms. Thomas checked the property. She discovered some of her personal property was missing from the outside garage and from inside the home. Ms. Thomas was confronted by Appellant and Joseph Hodge inside the residence. When Ms. Thomas told the couple they were in her house, they responded by telling Ms. Thomas she was in their house. Hodge pulled up his shirt, revealing the butt of a gun, and told her he was going to kill her and her family if she did not leave.

{¶4} Hodge gathered Ms. Thomas's belongings on October 31, 2018, and burned them in the backyard. At some point in October, Appellant and Hodge forged a deed to the home without the knowledge or permission of Ms. Thomas. Appellant Hodge presented the forged deed to the Muskingum County Court to affect the outcome of a

court proceeding on November 12, 2018.  On November 30, 2018, Appellant and Hodge uttered the forged deed to the Muskingum County Recorder's Office.

**{¶5}**    Appellant was indicted by the Muskingum County Grand Jury on two counts of aggravated burglary, forgery, vandalism, arson, tampering with evidence, forgery by uttering, tampering with records, and two counts of engaging in a pattern of corrupt activity.

**{¶6}**    The State amended the charges of aggravated burglary to burglary, and dismissed the arson charge.  Appellant pled guilty to all charges as amended.  The trial court merged the convictions of burglary with each other, and merged the convictions of engaging in a pattern of corrupt activity with each other, and sentenced Appellant to an aggregate term of incarceration of 12 years.  The court ordered her to pay $184,900.00 in restitution, and court costs.

**{¶7}**    It is from the April 11, 2019, judgment of conviction and sentence Appellant prosecutes this appeal, assigning as error:


I.   THE TRIAL COURT COMMITTED PLAIN ERROR BY NOT MERGING EBLIN'S CONVICTIONS FOR FORGERY AND FORGERY BY UTTERING, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

II. THE TRIAL COURT PLAINLY ERRED BY ORDERING EBLIN TO PAY RESTITUTION IN THE AMOUNT OF $184,900.

III. EBLIN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.

I.

{¶8}   In her first assignment of error, Appellant argues the trial court committed plain error in failing to merge the convictions for forgery and forgery by uttering.  Appellant concedes she did not raise this issue in the trial court, and therefore we must find plain error in order to reverse.

{¶9}   R.C. 2941.25 states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶10} In the syllabus of *State v. Ruff*, 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.2d 892, the Ohio Supreme Court revised its allied-offense jurisprudence:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors-the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

{¶11} The Court further explained:

A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance-in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation.

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶12}** *Id.* at ¶¶ 25–26.

**{¶13}** The Ohio Supreme Court has recently clarified the standard of review for plain error:

Crim.R. 52(B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights" notwithstanding an accused's failure to meet his obligation to bring those errors to the attention of the trial court. However, the accused bears the burden to demonstrate plain error on the record, *State v. Quarterman*, 140 Ohio St.3d 464, 2014–Ohio–4034,

19 N.E.3d 900, ¶ 16, and must show "an error, i.e., a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings," *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

Even if the error is obvious, it must have affected substantial rights, and "[w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *Id.* We recently clarified in *State v. Rogers*, 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860, that the accused is "required to demonstrate a reasonable *probability* that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis sic.) *Id.* at ¶ 22, *citing United States v. Dominguez Benitez*, 542 U.S. 74, 81–83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

If the accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it; we have "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and *only* to prevent a manifest miscarriage of justice.' " (Emphasis added.) *Barnes* at 27, 759 N.E.2d 1240, *quoting State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.


**{¶14}** *State v. Thomas*, 152 Ohio St.3d 15, 92 N.E.3d 821, 2017–Ohio–8011, ¶¶ 32–34.

**{¶15}** For her action in forging the deed in October of 2018, Appellant was convicted of forgery in violation of R.C. 2913.31(A)(1):

> (A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
>
> (1) Forge any writing of another without the other person's authority[.]

**{¶16}** For her action in uttering the forged deed in the Muskingum County Recorder's Office on November 30, 2018, Appellant was convicted of forgery by uttering in violation of R.C. 2913.31(A)(3):

> (A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
>
> (3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged.

**{¶17}** Appellant argues the crimes were committed with the same animus; specifically, Appellant forged the deed to the home in order to utter the deed to the recorder's office so it would appear she was the rightful owner of the home.

**{¶18}** During the recitation of the facts at Appellant's plea hearing, the State represented the facts of the two forgery charges as follows:

Between October 1st, 2018, and October 31st of 2018, the two forged a deed to the home without the permission or knowledge of Miss Thomas.

On November 12th of 2018, Hodge and Eblin presented the forged deed to the Muskingum County Court to affect the outcome of a proceeding that was taking place there.

On November 30th of 2018, Hodge and Eblin uttered the forged deed to the Muskingum County Recorder's Office and had that deed recorded by the Recorder's Office.

**{¶19}** Plea Tr. 5.

**{¶20}** Because Appellant and Dodge used the forged document to change the outcome of a court hearing several weeks before they uttered the forged document, we find the forgery itself caused separate, identifiable harm from the uttering of the forged deed; the offenses were committed separately, and the offenses were committed with separate animus or motivation. Therefore, we find the offenses were not allied offenses of similar import subject to merger in the instant case. We find Appellant has not demonstrated plain error in the court's failure to merge the two convictions.

**{¶21}** The first assignment of error is overruled.

II.

**{¶22}** Appellant argues the trial court committed plain error in ordering her to pay restitution in the amount of $184,900.00 without considering her ability to pay.

**{¶23}** The prosecutor made the following statement to the trial court regarding restitution:

MR. LITLE: Yes, Your Honor.  The first thing I'd like to address is restitution in this case.  The victim, Miss Thomas, who's seated here in the courtroom, has provided a far more detailed list of the items that were taken, missing, and are irreplaceable, in addition to the damage to the home, and the total amount that that totals up to is $184,900.  Not laboring, and I don't think anyone is, under the concept that Miss Eblin is going to be able to make up even a fraction of the damage that she has cause in this case, but that's the request.

**{¶24}**  Sent. Tr. 5.

**{¶25}**  The following colloquy occurred when the trial court reached the issue of restitution:

I understand that the restitution requested in this matter is $184,900.  I am not going to grant that restitution amount.  Looking through this, I don't feel that's an appropriate amount to order in restitution.  Mr. Litle, does the State have any other - - I've read this.  I just went through it again.

MR. LITLE: This - - this is the difficulty that the State has.  You know, this house is the Ransbottom mansion.  It's on the national register of historic places.  It will cost - -

THE COURT: I've known this house since I was a kid.

MR. LITLE: It's going to cost more than this to bring it back, if it can be done, so the numbers - - you know, the law says that if something is

taken that cannot be readily replaced, then the Court's to consider what - - the value that would reasonable compensate the owner for its loss. But the things - - the things that were taken in this case were so - - how do you compensate somebody the loss of the legacy of their family?   There's not a dollar amount, so I understand where the Court is in terms of restitution. There is no amount that's going to compensate for that, and the, you know, the cost of repairing that house.

I understand the frustration. $184,900 is - - it's a large figure, you know, I'm - - to a certain extent, if it was $50,000 or $150,000, I don't know that we're ever going to see a dime of that in this case.  So I understand the Court's difficulty in terms of coming up with that number.   This is the information that I've been provided.

THE COURT: Thank you, Mr. Litle.  Mr. Edwards, do you want to address potential restitution amount?

MR. EDWARDS: No, Your Honor.

THE COURT: Based upon my reconsideration, I went through all the numbers again, I am going to order $184,900 in restitution that's attached to the presentence investigation.

{¶26} Sent. Tr. 23-25.

{¶27} Pursuant to R.C. 2929.18(A)(1), a trial court may order an offender to pay restitution to the victim of the crime in an amount based on the victim's economic loss. However, R.C. 2929.19(B)(5) requires the court to consider "the offender's present and

future ability to pay the amount of the sanction or fine" prior to imposing a financial sanction.

**{¶28}** As this Court has previously explained:

We have previously observed while the better practice is for a trial court to explain on the record it considered an offender's financial circumstances, courts have consistently held a trial court need not explicitly state in its judgment it considered a defendant's ability to pay a financial sanction. *State v. Moody*, 5th Dist. Licking No. 09 CA 90, 2010–Ohio–3272, ¶ 51. Rather, courts look to the totality of the record to see if this requirement has been satisfied. *Id.* A court complies with Ohio law if the record shows the court considered a pre-sentence investigation report providing all pertinent financial information regarding an offender's ability to pay restitution. *Id.*, citing *State v. Henderson*, 4th Dist. Vinton No. 07CA659, 2008–Ohio–2063, ¶ 7 ("We have explained that the trial court complies with R.C. 2929.19(B)(6) when the record shows that the court considered a pre-sentence investigation report that provides pertinent financial information regarding the offender's ability to pay restitution.").

**{¶29}** The prosecutor acknowledged on the record it was unlikely to ever receive restitution from Appellant in this case, and the trial court initially was reluctant to order restitution in the amount requested.  The trial court stated on the record, as cited above, it had carefully reviewed the presentence investigation report (PSI) in the instant case.

We have reviewed the PSI report which includes not only the information provided by the victim concerning restitution, but also Appellant's education level and work history. The trial court reconsidered the issue of restitution in open court and ordered the amount requested by the prosecutor, with no objection from Appellant. From the record in this case and the court's statement on the record in considered the information provided in the PSI report, we find the court considered Appellant's present and future ability to pay restitution as required by R.C. 2929.19(B)(5).

**{¶30}** The second assignment of error is overruled.

III.

**{¶31}** In his third assignment of error, Appellant argues trial counsel was ineffective for (1) not objecting when the trial court failed to merge the forgery and forgery by uttering convictions, (2) failing to object to restitution, and (3) failing to request the trial court waive court costs.

**{¶32}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

**{¶33}** For the reasons set forth in our discussion of assignments of error one and two above, Appellant has not demonstrated a reasonable probability the trial court would have merged the forgery offenses had counsel raised the issue at trial, nor has she demonstrated a reasonable probability the trial court would have ordered no restitution or a lower amount of restitution.

**{¶34}** The Ohio Supreme Court has recently set forth the standard of review of a claim of ineffective assistance of trial counsel for failing to request waiver of court costs:

> To evaluate whether a defendant has been prejudiced, as part of an ineffective-assistance-of-counsel claim, a court does not assess whether the defendant was simply harmed by counsel's alleged deficient performance. More specifically, the court does not analyze whether the defendant has been required to pay court costs at a given moment, *see, e.g., State v. Cowan*, 7th Dist. Columbiana No. 18 CO 0010, 2019-Ohio-2691, 2019 WL 2754985, ¶ 59, or even whether the defendant has the ability to have court costs waived in the future. Furthermore, a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so, contrary to the Eighth District's holding in *Gibson*, 2017-Ohio-102, 2017 WL 123309, and in *Springer*, 2017-Ohio-8861, 2017 WL 6055504. *See State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 233; *State v. Smith*, 12th Dist. Warren No. CA2010-06-057, 2011-Ohio-1188, 2011 WL 882182, ¶ 63-64, *rev'd in part on other grounds,*

131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423 (an indigent defendant fails to show that there is a reasonable probability that the trial court would have waived costs when the trial court made a finding that the defendant had the ability to work and therefore had the ability to pay the costs in the future). The court of appeals, instead, must look at all the circumstances that the defendant sets forth in attempting to demonstrate prejudice and determine whether there is a reasonable probability that the trial court would have granted a motion to waive costs had one been made.

**{¶35}** *State v. Davis*, __ N.E.3d __, 2020-Ohio-309, ¶15.

**{¶36}** While Appellant was found indigent in the instant case, indigency alone does not rise to the level of creating a reasonable probability the trial court would have waived court costs had defense counsel so requested. The presentence investigation report includes information about Appellant's education and work history, and does not demonstrate a reasonable probability the trial court would have granted a motion to waive costs. We therefore find Appellant has not demonstrated counsel was ineffective in failing to move to waive court costs.

**{¶37}**  The third assignment of error is overruled.

**{¶38}**  The judgment of the Muskingum County Common Pleas Court is affirmed


By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur