[Cite as *State v. Stevens*, 2020-Ohio-1300.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | | Hon. John W. Wise, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| MICHAEL E. STEVENS, | : | | Case No. CT2019-0059 |
| | : | | CT2019-0060 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Muskingum County
                                    Court of Common Pleas, Case Nos.
                                    CR2019-0025 and CR2019-0225

JUDGMENT:                           Affirmed

DATE OF JUDGMENT:                   April 1, 2020

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                         JAMES A. ANZELMO
Prosecuting Attorney                      Anzelmo Law
Muskingum County, Ohio                    446 Howland Drive
                                          Gahanna, Ohio 43230
By: TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43701

*Baldwin, J.*

{¶1}   Michael E. Stephens appeals his conviction and sentencing for two counts of Robbery, R.C. 2911.02(A)(2), and R.C. 2911.02(A)(3) felonies of the second and third degree, respectively.  Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   The charges in this case arise from two separate, but factually related cases and were filed at the trial court level under different case numbers. The matters have not been consolidated, have been separately appealed and have different case numbers. Because the assignments of error and the arguments are identical, we will address them collectively.

{¶3}   Stevens was in the midst of a jury trial in case number CR2019-0225 when he informed the trial court that he decided to change his plea from not guilty to guilty as part of a plea agreement with the appellee.  The trial court conducted a lengthy colloquy with Stevens and found him guilty. He was later sentenced and now claims the court erred by imposing consecutive sentences and ordering him to pay restitution. He also contends he received ineffective assistance of counsel because his counsel failed to object to an  order to pay restitution and failed to request waiver of court costs.

{¶4}   A complete recitation of the facts of this case is not necessary for the resolution of the assignments of error and is not included for that reason.  To the extent facts are necessary, they are cited in the body of this opinion.

{¶5}   In Muskingum County Court of Common Pleas Case No. CR2019-0025 Michael E. Stevens was charged with aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree,  with a repeat offender specification pursuant

to R.C. 2941.149; aggravated robbery in violation of 2911.01(A)(3), a felony of the first degree, with a repeat offender specification pursuant to R.C. 2941.149; theft from an elderly person or disabled adult, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; theft of credit cards in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; and possessing criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree.

{¶6}    In Muskingum County Court of Common Pleas Case No. CR2019-0225 Stevens was charged with robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree and theft in violation of R.C. 2913.02(A)(1), a first degree misdemeanor.

{¶7}    Stevens was in the midst of a jury trial on the charges filed in Case Number CR2019-0025 when he announced that he had decided to withdraw his plea of not guilty and enter a guilty plea to the charges in the case pending before the jury.  He also agreed to plea to a Bill of Information in Case No. CR2019-0225.  In exchange, appellee agreed to dismiss two of the counts in Case No. CR2019-0025 and both parties agreed that they would not make recommendations regarding sentence at the plea hearing, but reserved the right to argue for an appropriate sentence at the time of sentencing.

{¶8}    The trial court then engaged in a detailed colloquy with Stevens regarding his rights and the consequences of the plea.  At one point the colloquy was interrupted when Stevens expressed some confusion regarding the consequences of the violation of previously imposed post release control. The trial court allowed time for Stevens to consult with counsel and, after Stevens agreed to continue, the plea colloquy proceeded.

{¶9}    The trial court made the following comments regarding costs and restitution within the colloquy.

What I'm talking about now, from now throughout, this applies to both of these cases together.

You understand that in addition to any type of jail or prison time, this Court can impose financial sanctions, things such as fines, court costs, and restitution?

Stevens responded "Yes, sir."

{¶10}  During a discussion regarding the terms of the plea agreement for Case No. CR2019-0225 the following exchange occurred:

THE COURT: *** And you agree to make restitution in an amount yet to be determined in that case.

THE DEFENDANT: Yes, sir.

THE COURT: Is that your understanding?

THE DEFENDANT: Yes, sir.

{¶11}  When the trial court reviewed the terms of the plea agreement in Case No. CR2019-0025 the issue of restitution was addressed:

THE COURT: ***The State agrees to nolle counts one and five of the indictment, and the repeat violent offender specifications attached to count one and two, at the time of sentencing, and you would agree to make restitution in the amount $994.18.

Is that your understanding of the State's position with regard to this case?

THE DEFENDANT: Yes, sir.

THE COURT: Have you been promised anything else or threatened in any way in order for you to enter these pleas of guilty?

THE DEFENDANT: No, sir.

**{¶12}** Stevens was sentenced on both cases on June 3, 2019. The trial court concluded that the charges merged in their respective cases and the appellee elected to proceed with sentencing under the robbery charge in each case. In case CR2019-0225 the court imposed a stated prison term of sixty months and, in case CR2019-0025, a mandatory prison term of eight (8) years. The trial court also found that Stevens had a lengthy felony record and "this was the worst form of the offense" in both cases. Stevens was on post release control at the time of the offense and the trial court concluded that Steven's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." The trial court ordered that the sentences run consecutively for an aggregate sentence of thirteen years.

**{¶13}** Stevens filed a timely notice of appeal and submitted three assignments of error:

**{¶14}** "I. THE TRIAL COURT UNLAWFULLY ORDERED MICHAEL E. STEVENS TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

**{¶15}** "II. THE TRIAL COURT PLAINLY ERRED BY ORDERING STEVENS TO PAY RESTITUTION."

**{¶16}** "III. STEVENS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**ANALYSIS**

I.

**{¶17}** In his first assignment of error, Stevens contends that the trial court's decision to impose consecutive sentences should be vacated because the trial court imposed them in contravention of the sentencing statutes, but later concedes that "when the trial court ordered Stevens to serve consecutive sentences, it made findings under R.C. 2929.14(C)(4)" as it was obligated to do. (Appellant's Brief, p.4). Stevens then argues that the facts do not support consecutive sentences.

**{¶18}** Our authority to modify or vacate any sentence is limited to those circumstances where we clearly and convincingly find that "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant *** [or] [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a),(b). Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State v. Silknitter,* 3rd Dist. Union No. 14–16–07, 2017–Ohio–327, ¶ 7 quoting, *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, ¶ 1, quoting *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but does not require the certainty of "beyond a reasonable doubt." *Marcum,* at ¶ 22 quoting *Ledford.*

**{¶19}** In *State v. Hairston,* 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 20, the Supreme Court of Ohio held proportionality review of sentences should

focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively. *Hairston*, supra, at ¶ 20. The sole issue before the court in *Hairston* concerned whether the aggregate, 134–year prison term imposed on Hairston constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution. *Hairston, Id.* at ¶ 1. Because this aggregate term of incarceration resulted from Hairston's guilty pleas to four counts of aggravated robbery, four counts of kidnapping, three counts of aggravated burglary, all with firearm specifications, and three counts of having a weapon while under disability, and because none of his individual sentences are grossly disproportionate to their respective offenses, the Supreme Court concluded that his aggregate sentence is not unconstitutional. *Hairston*, Id, at ¶ 22–23. Given that the trial court is not obligated to refer to every factor listed in R.C. 2929.12 as part of its sentencing analysis, "the defendant has the burden to affirmatively show that the court did not consider the applicable sentencing criteria or that the sentence imposed is 'strikingly inconsistent' with the applicable sentencing factors." *State v. Hull*, 11th Dist. Lake No. 2016–L–035, 2017–Ohio–157, ¶ 8. Stevens has failed in this burden.

{¶20} The trial court considered the purposes and principles of sentencing as well as the factors that the court must consider when determining an appropriate sentence. R.C. 2929.11 and 2929.12. The trial court had no obligation to state reasons to support its findings, nor was it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry. Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was

within the statutory sentencing range. We also find that the record in the case at bar supports the trial court's findings under R.C. 2929.14(C)(4). While Stevens may disagree with the weight given to these factors by the trial judge, his sentence was within the applicable statutory range for the charges and therefore, we have no basis for concluding that it is contrary to law.

**{¶21}** Stevens has failed to clearly and convincingly show the record does not support the trial court's findings, or that the aggregate thirteen year sentence is otherwise contrary to law.

**{¶22}** Appellant's first assignment of error is denied.

II.

**{¶23}** Stevens argues, in his second assignment of error, that the trial court committed plain error by ordering payment of restitution without consideration of his ability to pay. We review restitution orders under an abuse-of-discretion standard. *State v. Sheets*, 5th Dist. Licking No. 17 CA 44, 2018-Ohio-996, 2018 WL 1358039, ¶ 15, quoting *State v. Cook*, 5th Dist. Fairfield No. 16-CA-28, 2017-Ohio-1503, 2017 WL 1436377, ¶ 8; State v. Andrews, 5th Dist. Delaware No. 15 CAA 12 0099, 2016-Ohio-7389, 2016 WL 6138888, ¶ 40.  However, we find that this alleged error is subject to the doctrine of invited error, making further review of the trial court's discretion unnecessary.

**{¶24}** The issue of restitution was addressed during the trial court's colloquy and with regard to case CR2019-0225 Stevens agreed to "make restitution in an amount to be determined." (Plea Hearing, p. 17, lines 6-8).  In case CR2019-0025 he expressly agreed to make restitution in the amount of $994.18 as part of the plea agreement.  (Plea Hearing, p. 17, lines, 19-23).

**{¶25}** Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Stevens did not bring the alleged error to the attention of the trial court because he expressly agreed to pay restitution, inducing the trial court to forgo consideration of his ability to pay, creating an invited error and not a plain error. 'Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make.' " *State v. Stewart*, 8th Dist. Cuyahoga No. 91199, 2009-Ohio-2384, ¶ 25, quoting *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 359, 626 N.E.2d 950 (1994). "[J]ustice and sensibility should prevent [Stevens] from prevailing on an error which he invited. By agreeing to the restitution award in exchange for pleading guilty, he received the benefit of his bargain: a reduced charge." *State v. Stewart*, Wyandot App. No. 16–08–11, 2008-Ohio-5823, 2008 WL 4831476, ¶ 13 (Where the Third District Court of Appeals affirmed the trial court's restitution award to a government agency when such award was made pursuant to an express plea agreement between the State and the defendant) as quoted in *State v. Lalain*, 8th Dist. Cuyahoga No. 95857, 2011-Ohio-4813, ¶ 17.

**{¶26}** Because we hold that Stevens invited any error that existed with regard to the order to pay restitution, he cannot assert the order as error on appeal. The second assignment of error is denied.

III.

**{¶27}** In his third assignment of error, Stevens complains of ineffective assistance of counsel for failing to object to the order of restitution or the imposition of costs.

**{¶28}** A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

**{¶29}** Counsel is unconstitutionally ineffective if his performance is both deficient, meaning his errors are "so serious" that he no longer functions as "counsel," and prejudicial, meaning his errors deprive the defendant of a fair trial. *Maryland v. Kulbicki,* 577 U.S. ——, 2015 WL 577`4453(Oct. 5, 2015) quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶30}** With regard to the order to pay restitution, we find there was no ineffective assistance of counsel. The record before us supports the conclusion that the plea agreement, which included an agreement to pay costs, was approved as part of a successful strategy to gain dismissal of two counts in one case; debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. *State v. Phillips*, 74 Ohio St.3d 72, 85, 1995–Ohio–171. For that reason, we find that lack of any objection to the order of restitution is not ineffective assistance.

**{¶31}** We reach the same conclusion regarding the imposition of costs.

**{¶32}** A waiver of court costs is within the discretion of the trial court. Revised Code Section 2947.23 requires the trial court to "include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and

render a judgment against the defendant for such costs." The trial court retains jurisdiction to "waive, suspend, or modify the payment of the costs *, at the time of sentencing or at any time thereafter."  R.C. 2947.23(C).  The trial court's decision regarding whether to waive costs is, therefore, "reviewed under an abuse-of-discretion standard." *State v. Braden, 2019-Ohio-4204.*  While no motion to waive costs nor any decision regarding waiver is reflected in the record, we find that the identification of the standard of review is needed to complete our analysis.

### ESSENTIAL DUTIES

**{¶33}** We first review the record to determine whether trial counsel failed in his essential duties to Stevens by failing to request a waiver of court costs under R.C. 2947.23. *Bradley*, supra. Stevens does not address this part of the *Bradley* analysis in his brief, and instead argues that a prior finding that a defendant was indigent demonstrates a reasonable probability that the trial court would have waived costs had counsel made the request, thus focusing on the second step of the analysis.  Appellee likewise focuses on the second step of the *Bradley* analysis.  We find it imperative to consider the first step to render a complete analysis as "both deficient performance and prejudice are required to justify reversal based on ineffective assistance of counsel." *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 259 (2015) (internal citations omitted).

**{¶34}** We are guided by the United States Supreme Court ruling in *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984) describing the deference to be used in such an analysis:

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." See *Michel v. Louisiana*, supra, 350 U.S., at 101, 76 S.Ct., at 164. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

{¶35} Revised Code Section 2947.23(C) now permits trial counsel flexibility regarding a request for waiving costs. Prior to its adoption, a failure to request a waiver of costs at sentencing resulted in a final judgment and a prohibition of any further consideration of that issue. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. Res judicata no longer bars Stevens from requesting a waiver at any time after sentencing. "Trial counsel may have decided as a matter of strategy not to seek a waiver or modification of court costs until some later time" and "[s]trategic timing may now play a role in trial counsel's decision." *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶ 16; *State v. Purifoy*, 2nd Dist. Montgomery No. 28042,

2019-Ohio-2942, ¶ 28.  We find that the timing of a motion, seeking waiver of payment, is a matter of trial strategy. *State v. Southam*, 6th Dist. Fulton No. F-18-004, 2018-Ohio-5288, ¶ 67, quoting *State v. Pultz,* 6th Dist. Wood No. WD-14-083, 2016-Ohio-329, ¶ 61. And a debatable trial strategy does not equal ineffective assistance of counsel. *Southam*, supra at ¶ 68, quoting *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). *State v. Moore,* 6th Dist. Erie No. E-19-009, 2019-Ohio-4609, ¶ 14. Accord *State v. Boyd,* 5th Dist. Richland No. 12CA23, 2013-Ohio-1333, ¶ 26. ("Trial strategy and even debatable trial tactics do not establish ineffective assistance of counsel," quoting *State v. Conway,* 109 Ohio St.3d 412, 2006–Ohio–2815, ¶ 101) and *State v. McCall*, 5th Dist. Coshocton No. 2017CA0002, 2017-Ohio-7860, ¶ 43 ("Tactical or strategic trial decisions, including timing of a motion, do not generally constitute ineffective assistance").

**{¶36}**  We hold that trial counsel does not violate an essential duty to Stevens by not filing a motion to waive costs at the sentencing hearing and that, therefore, he did not receive ineffective assistance of counsel in this case.

**{¶37}**  Even if we had concluded that trial counsel's failure to file a motion to waive costs was a violation of his duty to Stevens, our analysis of the second branch of the *Bradley* analysis would lead us to the same conclusion because the record lacks evidence of a reasonable probability of a different outcome.

### REASONABLE PROBABILITY

**{¶38}** Stevens relies on the trial court's findings that he was indigent for appointment of trial and appellant counsel to support his argument that there was a reasonable probability that the trial court would have waived costs.  That argument has been rejected in *State v. Davis, 2020-Ohio-309.*

**{¶39}** The holding of *Davis, supra* has made it clear that "[A] determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so" and, instead we must determine" whether the facts and circumstances presented by the defendant establish that there is a reasonable probability that the trial court would have granted the request to waive costs had one been made." *Id.* at ¶ 15-16.

**{¶40}** Stevens has not presented any further facts or circumstances to support a finding that there was a reasonable probability that trial court would have granted the request to waive costs. We have reviewed the record before us and found nothing that would support the conclusion that there was a reasonable probability that the outcome would have changed had a motion been filed. We considered, as part of this analysis, whether the trial court's denial of such a motion would have been an abuse of discretion and find nothing within the facts and circumstances of this case that would lead us to find that a failure to grant the motion would constitute such an abuse. For those reasons, we are compelled to conclude that Stevens has failed to demonstrate a reasonable probability that the outcome would have changed and that, therefore, he did not suffer prejudice as a result of counsel not filing a motion to wave costs. *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 233.

{¶41} Appellant's third assignment of error is overruled and the decision of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.