[Cite as *State v. Gorley*, 2020-Ohio-3337.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case Nos. CT2019-0046, CT2019-0047,<br>CT2019-0048, & CT2019-0049 |
| ROBERT C. GORLEY | |
| Defendant-Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:     Appeal from the Muskingum County
Court of Common Pleas, Case Nos.
CR2019-0072, CR2019-0105, CR2019-
0144, & CR2019-0201


JUDGMENT:                              Affirmed

DATE OF JUDGMENT ENTRY:      June 12, 2020


APPEARANCES:


For Plaintiff-Appellee                 For Defendant-Appellant

D. MICHAEL HADDOX                CARLOS M. CRAWFORD
Prosecuting Attorney                  Crawford | Glankler, LLC
Muskingum County, Ohio            52 North Sandusky Street
                                              Delaware, Ohio  43015
TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street – P.O. Box 189
Zanesville, Ohio  43701

*Hoffman, P.J.*

{¶1} In Muskingum App. Nos. CT 2019-46, CT2019-47, CT2019-48, and CT 2019-49, defendant-appellant Robert Gorley appeals his convictions and sentences entered by the Muskingum County Court of Common Pleas, on six counts of violation of a protection order, two counts of theft by deception, and two counts of theft, after he entered guilty pleas to the charges. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On April 12, 2019, Appellant pled guilty to a Prosecutor's Bill of Information in Muskingum County Court of Common Pleas Case No. CR 2019-0201, on two counts of theft, in violation of R.C. 2913.02(A)(3), felonies of the fifth degree. On the same day, Appellant pled guilty to six counts of violating a protection order with a prior offense, in violation of R.C. 2919.27(A)(1), felonies of the fifth degree, in Case No. CR 2019-0072; one count of theft by deception with a value of $1,000.00-$7,500.00, in violation of R.C. 2913.02(A)(3), a felony of the fifth degree, in Case No. CR2019-0105; and one count of theft by deception with a value of $1,000.00-$7,500.00, with an elderly victim, in violation of R.C. 2913.02(A)(3), a felony of the fourth degree, in Case No. CR2019-0144.

{¶3} The parties made a joint recommendation Appellant be sentenced to six months in prison in each case, and the sentences be served consecutively to one another, for an aggregate prison term of 24 months. Appellant agreed to waive the findings necessary for the imposition of consecutive sentences. Appellant also agreed to make restitution in the amount of $9,265.00 in Case No. CR2019-0201; $5,000.00 in Case No.

---

[1] A Statement of the Facts underlying Appellant's convictions is not necessary for our disposition of this Appeal.

CR2019-0105; and $4,160.00 in Case No. CR2019-0144. The State agreed to nolle counts 7-55 of the indictment in Case No. CR2019-0072.

{¶4} The trial court accepted Appellant's guilty pleas and ordered a pre-sentence investigation be completed. Appellant appeared before the trial court for sentencing on May 20, 2019. After reviewing the pre-sentence investigation report which described Appellant's extensive criminal history, the trial court indicated it was not inclined to follow the parties' joint recommendation. The trial court imposed an aggregate prison term of 12 months in Case No. CR2019-0072. In Case No. CR2019-0105, the trial court sentenced Appellant to a term of 12 months and ordered him to pay restitution in the amount of $5,000.00. In Case No. CR2019-0144, the trial court sentenced Appellant to a term of 18 months and ordered him to pay $4,160.00 in restitution. In Case No. CR2019-0201, the trial court imposed an aggregate prison term of 24 months and ordered Appellant to pay restitution in the amount of $9,265.00. The trial court ordered the sentences in the four cases to run consecutively to one another for a total sentence of 66 months. In addition to the restitution, the trial court also ordered Appellant to pay court costs.

{¶5} It is from his convictions and sentences Appellant appeals, raising the following assignments of error:


I. THE COURT ERRED IN IMPOSING A SENTENCE WHICH WAS GROSSLY DISPROPORTIONATE TO APPELLANT'S CONDUCT AND NOT IN ACCORDANCE WITH STATUTES GOVERNING FELONY SENTENCING.

II. THE TRIAL COURT ERRED IN IMPOSING RESTITUTION WITHOUT FIRST CONSIDERING APPELLANT'S ABILITY TO PAY.

III. APPELLANT'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF APPELLANT'S RIGHTS PURSUANT TO THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION.

I

**{¶6}** In his first assignment of error, Appellant contends the trial court imposed a sentence which was grossly disproportionate to his conduct and did not comply with statutory sentencing mandates. We disagree.

**{¶7}** "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence": (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant within the permissible statutory range." *State v. Ahlers,* 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8; *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Thus, this Court may "increase,

reduce, or otherwise modify a sentence only when it clearly and convincingly finds the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

**{¶8}** Pursuant to R.C. 2929.11(A), "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A). Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. § 2929.11(B).

**{¶9}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶10}** In each of the four entries of sentence, the trial court indicated it had considered the record, all statements, any victim impact statement, the plea

recommendation, as well as the principles and purposes of felony sentencing under R.C. 2929.11, and the balance of seriousness and recidivism factors under R.C. 2929.12.

{¶11} At the sentencing hearing, the trial court addressed Appellant as follows:

THE COURT:  * * * I have received the presentence investigation, and I have reviewed it thoroughly.  I've also received your letter, and I read it a couple of times.  I've also received letters from the victims.

You put their entire security of their homes in an uproar.  When someone's at their residence, they want to be safe and secure and have that as their sanctuary, and you would be doing work there and leave it in turmoil for months at a time, and then just lie to them about it time and time again.  I don't think you – if your realized what you did, it's even worse than I think it is.

Joint recommendation is for 24 months in prison.  Again, with regard to the presentence investigation, in 2007 you went to prison for what, five years?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you were ordered to pay restitution in the amount of $34,382.82.  None as paid on that, right?

THE DEFENDANT: Correct, Your Honor.

THE COURT: And that's for theft by deception, theft by deception with an elderly victim, theft by deception passing bad checks, theft by deception, 10 different victims in that.

Also in 2008 in Muskingum County felony case, theft by deception, one year in prison, restitution ordered in that case of $12,090 and none paid.

Another case, 2008 in Muskingum County, theft by deception, a felony of the fourth degree, one year in prison consecutive to the others, restitution ordered, $24,837, and none paid.

Muskingum County, 2002, theft by deception, felony of the fourth degree; theft by deception, felony of the third degree; passing bad checks, passing bad checks, tampering with evidence, two years in prison. On this case, restitution is ordered, $123,676.54, none paid, right?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And your misdemeanor record, 2019, this year, you were convicted of theft by deception at Wal-Mart on Maple Avenue where you picked up a Dremel tool and took it back and tried to get money out of it as you're returning the Dremel tool that you just picked up off the shelf, right?

THE DEFENDANT: Yes, Your Honor.

THE COURT: That's what you did. December 2018, petty theft. Went in to Lowe's, filled a cart with merchandise, took it to customer service and returned the items using a receipt from July. You just did that, didn't you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Ripley, West Virginia, 2017, petty larceny, sound right?

THE DEFENDANT: Yes, sir.

THE COURT: 2004, passing bad checks, assault, domestic violence, criminal damaging.  This is your letter you wrote me.  I truly am sorry and regretful to all I have affected in this situation and assure it will not happen again.

THE DEFENDANT: Yes, Your Honor.

THE COURT: But nothing in your life – you were just stealing from Lowe's and Wal-Mart within the last few months.  I do wish there was another alternative other than prison, you wrote that.

I read the letters by the victims.  Just time and time again you have lied.  Time and time again our life is in an upheaval because you left stuff messed up, man.  And how many years have you been in prison in your adult life?

THE DEFENDANT: Eight, Your Honor.

THE COURT: Didn't change a thing, did it? I mean, did it?

THE DEFENDANT: It didn't, Your Honor.

THE COURT: Came out, did the same thing, maybe worse.  I'm not inclined to follow the joint recommendation in this case * * *

Transcript of May 20, 2019 Sentencing Hearing at 9-12.


{¶12} Appellant points to several factors which weigh in favor of the trial court imposing the jointly recommended sentence of 24 months.  First, Appellant notes he is 48 years old and, as he ages, his risk of recidivism decreases according to statistics.

Appellant continues the victims did not suffered physical harm as a result of the offenses (R.C. 2929.12(B)(2)); he did not hold a position of trust in the community and his occupation did not obligate him to prevent the offenses (R.C. 2929.12(B)(3) and (4)); his relationships with the victims did not facilitate the commission of the offenses (R.C. 2929.12(B)(6)); he did not commit the offenses for hire or as part of organized criminal activity (R.C. 2929.12(B)(7)); and he was not motivated by prejudice(R.C. 2929.12(B)(8)). Appellant adds he openly expressed his remorse and accepted responsibility for his behavior. Appellant maintains a lengthy prison term will prevent him from becoming gainfully employed and make the payment of restitution more difficult.

{¶13} Upon review of the record, we find Appellant's sentence was not "grossly disproportionate" to his conduct and was in compliance with the statutory guidelines for felony sentencing. Appellant has an extensive criminal history, has not responded favorably to criminal sanctions, and has failed to pay any restitution in the past. Despite multiple convictions and serving a total of 8 years in prison, Appellant continued to engage in the same pattern of criminal behavior. We do not find by clear and convincing evidence "that the record does not support the sentencing court's findings," or "that the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b).

{¶14} Appellant's first assignment of error is overruled.

II

{¶15} In his second assignment of error, Appellant submits the trial court erred in ordering him to pay restitution without considering his present and future ability to pay.

{¶16} Pursuant to R.C. 2929.18(A)(1), a trial court may order an offender to pay restitution to the victim of the crime in an amount based on the victim's economic loss.

However, R.C. 2929.19(B)(5) requires the court to consider "the offender's present and future ability to pay the amount of the sanction or fine" prior to imposing a financial sanction.

**{¶17}** This Court has "previously observed while the better practice is for a trial court to explain on the record it considered an offender's financial circumstances, courts have consistently held a trial court need not explicitly state in its judgment it considered a defendant's ability to pay a financial sanction." *State v. Eblin*, 5th Dist. Muskingum App. No. CT2019-0037, 2020-Ohio-810, ¶28 (Citation omitted). "Rather, courts look to the totality of the record to see if this requirement has been satisfied." *Id.* (Citation omitted). "A court complies with Ohio law if the record shows the court considered a pre-sentence investigation report providing all pertinent financial information regarding an offender's ability to pay restitution." *Id.* (Citation omitted).

**{¶18}** At the change of plea hearing, the Prosecutor advised the trial court, as part of the joint recommendation, Appellant agreed to pay restitution in the amount of $5,000.00 in Case No. CR2019-0105, $4,160.00 in Case No. CR2019-0144, and $9,265.00 in Case No. CR2019-0201. The trial court conducted a Crim. 11 colloquy with Appellant and specifically asked him if, as part of the joint recommendation, he agreed to pay the aforementioned amounts in the respective cases. Appellant answered affirmatively.

**{¶19}** "If there is a plea agreement, the trial court may satisfy its burden to consider a defendant's ability to pay by asking the defendant if he understands that the restitution amount is part of the sentence." *State v. Demeter*, 8th Dist. Cuyahoga No. 107252, 2018-Ohio-5361, ¶ 8, (Citations omitted). In this case, Appellant affirmed during the plea

colloquy he understood restitution to the victims was part of the joint recommendation. Accordingly, we find the trial court satisfied its burden to consider Appellant's ability to pay restitution pursuant to R.C. 2929.19(B)(5).

**{¶20}** In addition to its position the trial court properly considered Appellant's ability to pay restitution, the State submits, pursuant to Article I, Section 10a of the Ohio Constitution, known as Marsy's Law, the victims are "entitled to full and timely restitution, regardless of the offender's ability to pay, or whether the trial court considered their ability to pay." Brief of Appellee at 8.

**{¶21}** In *State v. Queen,* 3rd Dist. Logan App. No. 8-19-41, 2020-Ohio-618, the Third District Court of Appeals recognized the potential ambiguity between Marsy's Law, and R.C. 2929.18(A)(1) and R.C. 2929.19(B)(5):

"[O]n February 5, 2018, the amendment to Article I, Section 10a of the Ohio Constitution, known as Marsy's Law, became effective." *State v. Jones,* 1st Dist. Hamilton No. C-190039, 2020-Ohio-81, ¶ 9. Under this provision, victims have a series of rights that are "to be protected in a manner no less vigorous than the rights afforded to the accused." Article I, Section 10a of the Ohio Constitution. One of these rights is "to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim * * *." *Id.* at (A)(7). The language in R.C. 2929.18(A)(1) gives trial courts the option to impose restitution against a criminal defendant as a financial sanction. It is not clear how the language of Marsy's Law, which appears to give a victim the right to restitution, interacts with

R.C. 2929.18(A)(1) or R.C. 2929.19(B)(5). In particular, it is not clear how the defendant's statutory right to have his ability to pay considered under R.C. 2929.19(B)(5) interacts with the victim's constitutional right to restitution under Article I, Section 10a(A)(7). *Id.* at footnote 1.

The *Queen* Court determined, "In this case, however, the defendant's statutory right and the victim's constitutional right are not in conflict because we have determined that the defendant has the ability to pay and that the trial court did not err in awarding the victim restitution. Thus, our 'ability to pay' analysis from R.C. 2929.19(B)(5) does not interfere with any right to restitution that the victims have. In the absence of such a conflict, we do not need to further consider the effect that Marsy's Law has on the operation of R.C. 2929.18(A)(1) or R.C. 2929.19(B)(5)." *Id.*

**{¶22}** Like the *Queen* Court, we find Appellant's statutory right and the victims' constitutional rights are not in conflict in this case as the trial court considered Appellant's ability to pay by asking Appellant if he understood and agreed to pay restitution as part of the joint recommendation.

**{¶23}** Based upon the foregoing, Appellant's second assignment of error is overruled.

III

**{¶24}** In his final assignment of error, Appellant raises a claim of ineffective assistance of counsel. Specifically, Appellant maintains trial counsel was ineffective for

failing to object to the trial court's order of restitution and failing to request the trial court waive the imposition of court costs.

**{¶25}** Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

**{¶26}** Trial counsel is entitled to a strong presumption all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675, 693 N.E.2d 267 (1998). In addition, the United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697, 104 S.Ct. 2052. Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980).

**{¶27}** Assuming, arguendo, Appellant's trial counsel was ineffective for failing to object to the trial court's order of restitution, we find Appellant cannot established he was prejudiced as the result of counsel's ineffectiveness. As discussed in Assignment of Error II, supra, Appellant agreed to pay restitution as part of the joint recommendation, and the trial court considered Appellant's ability to pay by confirming he understood and agreed to pay restitution as part of the joint recommendation.

**{¶28}** We now turn to Appellant's assertion trial counsel was ineffective for failing to object to the trial court's imposition of court costs.

**{¶29}** R.C. 2947.23, which governs judgment for costs, provides, in pertinent part: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." R.C. 2947.23(A)(1)(a). However, subsection (C) permits the trial court to retain jurisdiction "to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." Therefore, a trial court has discretion to waive the payment of court costs whether a defendant is indigent or not.

**{¶30}** Appellant has failed to present any additional facts or circumstances from those he did with respect to his argument relative to the restitution orders to support a finding there was a reasonable probability the trial court would have sustained an objection to the imposition of court costs.

**{¶31}** As this Court noted in *State v. Eblin,* 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216, "[w]e considered, as part of this analysis, whether the trial court's denial of such a motion would have been an abuse of discretion and find nothing within

the facts and circumstances of this case that would lead us to find that a failure to grant the motion would constitute an abuse." *Id.* at ¶ 21. *Accord*, *State v. Stevens,* 5th Dist. Muskingum Nos. CT2019-0059 & CT2019-0060, 2020-Ohio-1300.

**{¶32}** Because Appellant cannot establish there was a reasonable probability the outcome would have been different had trial counsel objected, we find Appellant was not prejudiced by counsel's failure to do so.

**{¶33}** Appellant's third assignment of error is overruled.

**{¶34}** The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, P.J.
Wise, John, J.  and
Baldwin, J. concur