[Cite as *State v. Lynn*, 2016-Ohio-2849.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150569 |
| | | TRIAL NO. 15CRB-18803 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| BRITTANY LYNN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 6, 2016

*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Sierra Williams*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Derek W. Gustafson*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     This is an appeal of a trial court's restitution order following a defendant's guilty plea to unauthorized use of a vehicle.  The defendant claims that she should not have to pay restitution for damage to the victim's truck because the victim did not prove that the damage to her truck occurred as a result of the defendant's use of it.  We conclude that the trial court did not abuse its discretion in ordering restitution, so we affirm the judgment.

{¶2}     Brittany Lynn pled guilty to using Jasmine Rutherford's truck without consent.  Prior to sentencing her, the court conducted a hearing on restitution.  Ms. Rutherford told the court that, after police officers recovered her truck following Lynn's unauthorized use of it, there was damage to the front and back end of the car.  Some personal belongings were also missing from the car.  The car was a total loss.  Ms. Lynn, on the other hand, maintained that the truck was damaged before she drove it, and that there had been no personal items in it.  Following the hearing, the court sentenced Lynn accordingly and ordered that she pay restitution of $500—an amount equal to Rutherford's insurance deductible for the damage to the truck.

{¶3}     In her sole assignment of error, Ms. Lynn challenges the court's restitution order.  She argues that the state did not prove that the damage to the truck was attributable to her unauthorized use of it.

{¶4}     R.C. 2929.28(A)(1) provides that the trial court may order a defendant to pay restitution to the victim of a misdemeanor.  The amount is limited to "the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense."  *Id.*  The victim must prove the loss by the preponderance of the evidence.  *Id.*  We review the trial court's restitution order under an abuse-of-

discretion standard. *State v. Olson*, 2d Dist. Montgomery No. 25452, 2013-Ohio-4403, ¶ 8.

{¶5}    Ms. Lynn does not dispute that Rutherford's truck was damaged. Instead, she argues that Rutherford did not show that the damage was a "direct and proximate result" of Lynn's unauthorized use of the truck. She points out that her conviction for unauthorized use of a vehicle did not require proof that the vehicle was damaged. But nothing in R.C. 2929.28(A)(1) limits the award of restitution to those offenses that include an element of economic damage. *See State v. Byrd*, 7th Dist. Belmont No. 04 BE 40, 2005-Ohio-2720, ¶ 5. The victim need only show the loss occurred as a result of the defendant's commission of the crime.

{¶6}    Rutherford's story was simple: the truck was not damaged when she reported it stolen, and it was damaged when police recovered it. Ms. Lynn, on the other hand, maintained that the truck was damaged before she used it without consent. It was for the trial court to determine which version was more credible.

{¶7}    Ms. Lynn argues that, even if the damage occurred sometime while the truck had been reported stolen, Rutherford cannot prove that it happened as a result of Lynn's use of the car. Ms. Lynn likens this case to *State v. Littlefield*, 4th Dist. Washington No. 02CA19, 2003-Ohio-863, in which the appellate court determined that a defendant convicted of receiving stolen property (a car) was improperly ordered to pay restitution for damage done during the theft of the car. But by the very definition of the crime for which the defendant was convicted in *Littlefield*, the car had been stolen at the time he received it, so the damage had occurred prior to the defendant's involvement. Here, there was no evidence that the damage to the truck had happened before Lynn used it.

{¶8} The court found credible Rutherford's account that the truck was undamaged when taken by Lynn, and totaled when it was returned. Thus, it was reasonable for the court to conclude that the damage occurred while Lynn was using the truck, and that, but for Lynn's unauthorized use, the truck would not have been damaged. The court did not abuse its discretion in ordering Lynn to pay $500 in restitution. The assignment of error is overruled, and the judgment of the court is affirmed.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **MOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.