[Cite as *State v. Gordon*, 2018-Ohio-3786.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170660 |
|  |  | TRIAL NO. 16CRB-32727 |
| Plaintiff-Appellee, | : |  |
| vs. | : |  |
|  |  | *O P I N I O N.* |
| RAVEN GORDON, | : |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:    Affirmed

Date of Judgment Entry on Appeal:  September 21, 2018

*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Appellate Director, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}   Following her plea of no contest, Raven Gordon was convicted of criminal damaging and sentenced to 90 days in jail, with 82 days suspended, and two years of community control.  In addition, she was ordered to pay a fine, court costs, and $5,897 in restitution to the owner of the car that she damaged.

{¶2}   Gordon now appeals.  In a single assignment of error, she argues that the trial court abused its discretion by ordering restitution to a victim of criminal damaging for the cost to repair damage to her car when the cost to repair "far exceeded the car's value."

{¶3}   At the hearing on restitution, the victim testified that Gordon keyed deep scratches into her car's exterior, including an obscene term on the car's trunk. The victim took her car to three body shops and was told that the car would have to be sanded down and repainted.  The victim presented repair estimates in the amounts of $5,350, $5,448, and $6,894.  In response, Gordon submitted a Kelley Blue Book website printout that indicated a $3,290 trade-in value for the same model of car, with a trade-in-value range of $2,593 to $3,986.  At the conclusion of the hearing, the trial court averaged the victim's three repair estimates and ordered restitution in the amount of $5,897.

{¶4}   R.C. 2929.28(A)(1) allows a trial court to order a defendant to pay restitution to the victim of a misdemeanor in an amount based on the victim's economic loss.  The court may base the amount of restitution on, among other things, estimates indicating the cost of repairing or replacing property, so long as the amount ordered as restitution does "not exceed the amount of economic loss suffered

by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.28(A)(1).

{¶5}   "Economic loss" is defined in R.C. 2929.01(L) as:

any economic detriment suffered by a victim as a direct and proximate

result of the commission of an offense and includes any loss of income

due to lost time at work because of any injury caused to the victim, and

any property loss, medical cost, or funeral expense incurred as a result

of the commission of the offense.   "Economic loss" does not include

non-economic loss or any punitive or exemplary damages.

{¶6}   If the defendant disputes the amount of restitution, the court is required to hold an evidentiary hearing, and the victim must prove the amount of restitution by a preponderance of the evidence.  R.C. 2929.28(A)(1).  We review the trial court's restitution order in a misdemeanor case under an abuse-of-discretion standard.  *State v. Lynn*, 1st Dist. Hamilton No. C-150569, 2016-Ohio-2849, ¶ 4.

{¶7}   In rendering its decision, the court noted that the victim had obtained estimates from three body shops, each of which was identified as a qualified collision repair company, and remarked that there was no reason for the court to doubt the credibility of the estimates.  Gordon presented evidence of the Kelley Blue Book trade-in value for a similar car model, which was less than the repair cost.  Gordon presented no evidence, however, of the Blue Book private sale value or any other retail value, and thus there was no evidence to indicate that the retail value of the car was less than the repair estimates.  We hold that the trial court did not abuse its discretion in finding the economic loss to the victim was the cost of repair and in

ordering Gordon to pay $5,897 in restitution, based on the evidence before it.  We

overrule the assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**MOCK, P.J.,** and **DETERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.