[Cite as *State v. Jones*, 2020-Ohio-81.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190039 |
| | | TRIAL NO. B-1804638 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| TRANELL JONES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: January 15, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald Springman*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1}  Defendant-appellant Tranell Jones pleaded guilty to one count of attempted misuse of a credit card in violation of R.C. 2923.02, a first-degree misdemeanor.  On February 16, 2018, Jones had used her employer's credit card, without her employer's permission, to rent a storage container from 1-800-Pack-Rat, LLC ("Pack Rat").  Once the employer, an elderly woman that Jones cared for, discovered the unauthorized charge, she contacted the credit card company, which promptly reversed the charge, resulting in an economic loss to Pack Rat.

{¶2}  At sentencing, the trial court imposed three years of community control and ordered Ms. Jones to pay $90.94 in restitution to Pack Rat.  Ms. Jones challenged the order of restitution, arguing that Pack Rat was not the victim of her crime and thus, not entitled to restitution.  At Ms. Jones's request, the trial court stayed the order of restitution.

{¶3}  Ms. Jones now appeals, bringing forth a single assignment of error challenging the order of restitution.  For the following reasons, we overrule Ms. Jones's single assignment of error and affirm the trial court's judgment.

{¶4}  When reviewing a trial court's restitution order in a misdemeanor case, we apply an abuse-of-discretion standard.  *State v. Gordon*, 1st Dist. Hamilton No. C-170660, 2018-Ohio-3786 ¶ 6, citing *State v. Lynn*, 1st Dist. Hamilton No. C-150569, 2016-Ohio-2849, ¶ 4.

{¶5}  R.C. 2929.18(A)(1) allows a trial court to order restitution "by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss."  If the court imposes restitution, the statute further provides that

restitution may be made "to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court."

{¶6} The issue of who constitutes a "victim" under R.C. 2929.18(A)(1) or to whom restitution may appropriately be awarded under the statute is a question of law that is reviewed de novo. *State v. Cartwright*, 12th Dist. Fayette No. CA2016-11-018, 2017-Ohio-7212, ¶ 11.

{¶7} Because "victim" is not defined in R.C. 2929.18, this court has applied the definition of "victim" found in R.C. 2930.01(H)(1), which defines a "victim" as "[a] person who is identified as the victim of a crime * * * in a police report or in a complaint, indictment, or information that charges the commission of a crime and that provides the basis for the criminal prosecution * * * and subsequent proceedings to which this chapter makes reference." *State v. Thornton*, 1st Dist. Hamilton No. C-160501, 2017-Ohio-4037. Thus, this court, applying *Thornton*, has held that unless a person or entity is a named victim as set forth in R.C. 2930.01(H)(1), a trial court may not order a defendant to pay restitution to that party. *See State v. Adams*, 1st Dist. Hamilton No. C-180337, 2019-Ohio-3597, ¶ 15.

{¶8} Recently, the Ohio Supreme Court has indicated that the definition of victim found in R.C. 2930.01(H)(1) is not applicable in determining whether a person or entity is a victim for purposes of ordering restitution under R.C. 2929.18. *See State v. Allen*, Slip Opinion No. 2019-Ohio-4757, ¶ 13. But in this case the trial court did not rely on the definition of victim found in R.C. 2930.01(H)(1) to determine that Pack Rat was a victim and instead relied on Marsy's Law.

{¶9} On February 5, 2018, the amendment to Article I, Section 10a of the Ohio Constitution, known as Marsy's Law, became effective. The amendment expands the rights afforded to victims of crimes. *State v. Lee*, 12th Dist. Warren No. CA2018-11-134, 2019-Ohio-4725, ¶ 12. Specifically, Marsy's Law affords the right to "full and timely restitution from the person who committed the criminal offense or delinquent act." Ohio Constitution, Article I, Section 10a(A)(7). Importantly, Marsy's Law defines the term "victim" as "a person against whom the criminal offense or delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act." Ohio Constitution, Article I, Section 10a(D).

{¶10} Applying the definition of victim found in Marsy's Law, we agree with the trial court and find that Pack Rat meets the definition of victim for purposes of restitution. In this case, Ms. Jones used the credit card she had stolen from her employer to deceive Pack Rat into delivering its product to Ms. Jones. While Ms. Jones's employer was a victim of her crime, so was Pack Rat, which suffered actual harm; i.e., economic loss, as a proximate result of Ms. Jones's criminal conduct. Accordingly, we hold that Pack Rat is a victim entitled to restitution under R.C. 2929.18.

{¶11} Because Pack Rat is a victim under R.C. 2929.18, we cannot say that the trial court abused its discretion in ordering Jones to pay restitution. The single assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**MYERS** and **Bergeron, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

4