[Cite as *State v. Folson*, 2023-Ohio-55.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220029 |
| | | TRIAL NO. 20CRB-24467 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| TONI FOLSON, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed in Part, Sentence Reversed in Part, and
                                      Cause Remanded

Date of Judgment Entry on Appeal: January 11, 2023


*Emily Smart Woerner*, City Soliciter, *William T. Horsley*, Chief Prosecuting Attorney, and *Chris Konitzer*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Presiding Judge**.

{¶1} Defendant-appellant Toni Folson appeals the judgment of the Hamilton County Municipal Court ordering her to pay $4,000 restitution to the victim as part of her sentence in a prosecution for criminal damaging. Folson asserts a single assignment of error, in which she contends that the trial court erred in determining the amount of restitution. We find merit in her assignment of error, and we reverse the trial court's judgment as to the restitution order.

{¶2} Folson was charged with one count of criminal damaging under R.C. 2909.06, a second-degree misdemeanor. The complaint stated, "[The] victim stated to police Ms. Folson backed into her car with her own car, causing damage to [the] bumper." The affidavit supporting the complaint stated that Folson "knowingly cause[d] damage to [the victim's] vehicle. [The victim] stated to police Ms. Folson backed into her car when coming off sidewalk and hit her rear bumper on driver side of her 2006 Toyota Camry * * *."

{¶3} Subsequently, Folson pleaded guilty as charged. The trial court continued the matter for sentencing to allow the preparation of a presentence investigation report and a victim-impact statement, and to provide the state an opportunity to collect documentation regarding restitution.

{¶4} At the sentencing hearing, the state sought restitution of $4,382.38. Folson objected, stating that that amount included damages beyond those alleged in the complaint, which had only stated that Folson caused damage to the vehicle's rear bumper. Folson claimed that the cost to repair the damage to the victim's car's rear bumper was $908.85.

{¶5} The court had the victim testify under oath regarding the damage to her car. She stated that she had received an estimate of $4,382.38 to repair her car. She explained that her car was parked on the street in front of her house. When she heard a noise, she came out of the house and saw Folson hit the rear bumper of her car. She

also noticed that all four of her tires were slashed, and her gas tank was propped open, and syrup had been poured into it. Finally, the victim saw Folson back her car into the victim's car causing damage to the door. The estimate included the costs to repair all that damage.

{¶6} The estimate also included damage to the roof of the car, which the victim acknowledged was not caused by Folson. The estimated cost to repair the roof was $382. Consequently, the court subtracted that amount from the total estimate, and ordered restitution of 4,000. This appeal followed.

{¶7} In her sole assignment of error, Folson contends that the trial court erred in ordering her to pay $4,000 in restitution. She argues that that amount was improper because it exceeded the amount of economic loss caused by Folson's actions. We find merit in her assignment of error.

{¶8} R.C. 2929.28(A)(1) provides that a trial court may order a defendant to pay restitution to the victim of a misdemeanor. Both R.C. 2929.28(A)(1) and 2929.18(A)(1), the reciprocal statute governing felonies, limit the amount of restitution to "the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." The court may "base the amount it orders on a recommendation of the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information" as long as the amount ordered is not greater than the amount of the victim's economic loss. R.C. 2929.28(A)(1); *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, paragraph one of the syllabus.

{¶9} R.C. 2929.01(L) provides,

"Economic loss" means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, any property loss, medical cost, or funeral

expense incurred as a result of the commission of the offense, and the cost of any accounting or auditing done to determine the extent of loss if the cost is incurred and payable by the victim. "Economic loss" does not include non-economic loss or any punitive or exemplary damages.

{¶10} The victim has the burden of proving the amount of restitution by the preponderance of the evidence. R.C. 2929.28(A)(1). An order of restitution must be supported by competent, credible evidence. *State v. Sexton*, 1st Dist. Hamilton No. C-110037, 2011-Ohio-5246, ¶ 3; *In re Czika*, 11th Dist. Lake No. 2007-L-009, 2007-Ohio-4110, ¶ 7, citing *State v. Warner*, 55 Ohio St.3d 31, 69, 564 N.E.2d 18 (1990). The evidence in the record must be enough to substantiate the relationship of the offender's criminal conduct to the amount of the victim's loss. *State v. Norton*, 8th Dist. Cuyahoga No. 102017, 2015-Ohio-2516, ¶ 44. We review the trial court's decision on restitution under an abuse-of-discretion standard. *State v. Lynn*, 1st Dist. Hamilton No. C-150569, 2016-Ohio-2849, ¶ 4.

{¶11} The Ohio Supreme Court recently expounded on the issue of causation relating to restitution. In *State v. Yerkey*, Slip Opinion No. 2022-Ohio-4298, the victim sought restitution for lost wages relating to work she had missed to attend court hearings. The trial court had included the lost wages in its restitution order, and an appellate court reversed the restitution order, stating that lost wages were not incurred as a direct and proximate result of the commission of the offense. The state appealed to the Supreme Court.

{¶12} The Supreme Court began its analysis by stating, "Generally speaking, a consequence is a direct and proximate result of an act when the consequence is foreseeable and is produced by the natural and continuous sequence of events following the act." *Id.* at ¶ 16. It concluded that lost wages did not "flow as a natural and continuous consequence from the *commission* of the offense, such that they may

be considered economic loss suffered by the victim. (Emphasis in original.) *Id*. at ¶ 17.

{¶13} In this case, the complaint and the affidavit in support of that complaint both stated that Folson had hit the victim's car and caused damage to the victim's rear bumper. Folson's conviction was the result of that complaint. "A restitution award must be limited to those acts that constitute the crime of conviction." *State v. Colon*, 185 Ohio App.3d 671, 2010-Ohio-492, 925 N.E.2d 212, ¶ 9 (2d Dist.). As a matter of law, an offender cannot be ordered to pay restitution for damage arising from a crime of which the offender was not convicted. *State v. Richmond*, 10th Dist. Franklin No. 17AP-366, 2018-Ohio-147, ¶ 11.

{¶14} The damages caused by the syrup in her gas tank and slashed tires did not "flow as a natural and continuous consequence" from the commission of the offense for which Folson was charged and to which she pleaded guilty. Those damages were not a direct and proximate result of Folson's act of hitting the victim's rear bumper with her own car. Consequently, those damages were not economic loss as defined in R.C. 2929.18(A)(1), and the trial court erred in including the cost to fix those damages as part of its restitution order. *See State v. Maddox*, 8th Dist. Cuyahoga No. 102133, 2015-Ohio-2859 (Where the defendant was charged with receiving stolen property and the indictment stated that the stolen property was a motor vehicle, the trial court erred in ordering restitution for tools in the motor vehicle when the defendant was not charged with any crime involving the tools.).

{¶15} Had the charge, the plea and the conviction not been solely based on hitting the bumper with the car, we might reach a different conclusion. But here, Folson pleaded guilty only to damaging the car by running into it, and never admitted slashing the tires or pouring syrup in the gas tank. Under the facts of this case, those additional charges were not proximately caused by the crime charged and for which Folson was convicted.

**{¶16}** In *Yerkey*, amici argued that failing to use restitution sanctions to cover all a victim's costs runs counter to public policy. The Supreme Court rejected that argument, stating, "But to what extent court-ordered restitution as part of a criminal case may be used to make a victim whole is a matter determined by statute and the Ohio Constitution * * *." *Yerkey*, Slip. Opinion No. 2022-Ohio-4298, at ¶ 18. It emphasized that the victim had other avenues to seek restitution, such as a civil suit or the crime-victims' compensation funds. *Id.*

**{¶17}** The court also stated that there is a "countervailing policy consideration." *Id.* If restitution were to be expanded to include economic detriments that were not direct and proximate results of the commission of the offense, "we would risk mutating sentencing hearings throughout the state into civil trials of all grievances the victim may have against the offender, regardless of their relation to the crimes at issue." *Id.*

**{¶18}** We reach a different result as to the damage to the victim's side door. Folson was charged with and pleaded guilty to causing damage with her car to the victim's car. The complaint stated that Folson knowingly caused damage to the victim's vehicle when she ran into it. The damage to the side door flowed as a natural and continuous consequence of the commission of the offense of criminal damaging as charged and convicted, and was a direct and proximate result of Folson's commission of that criminal damaging. Consequently, that damage constituted economic loss with the meaning of R.C. 2929.28(A)(1) and 2929.01(L).

**{¶19}** Consequently, we sustain Folson's assignment of error. We reverse the trial court's judgment ordering Folson to pay restitution of $4,000, and we remand the matter to the trial court to determine the amount of restitution for the damages to the victim's rear bumper and side door. We affirm the trial court's judgment in all other respects.

Judgment affirmed in part, sentence reversed in part, and cause remanded.

**BOCK, J.**, concurs.
**WINKLER J.**, concurs in part and dissents in part.

**WINKLER, J.**, concurring in part and dissenting in part.

{¶20} I respectfully dissent from that portion of the majority's opinion reversing the trial court's determination as to the amount of restitution. R.C. 2929.28(A)(1) grants broad discretion to the trial court to base the amount of restitution it orders on new information presented at the restitution hearing, which can be from the victim, the offender, a presentence-investigation report, estimates, receipts, or any other information. *State v. Olson*, 2d Dist. Montgomery No. 25452, 2013-Ohio-4403, ¶ 8. The evidence in the record must be enough to substantiate the relationship of the offender's criminal conduct to the amount of the victim's loss. *State v. Norton*, 8th Dist. Cuyahoga No. 102017, 2015-Ohio-2516, ¶ 44. We review the trial court's restitution order for an abuse of discretion. *State v. Lynn*, 1st Dist. Hamilton No. C-150569, 2016-Ohio-2849, ¶ 4.

{¶21} The new evidence presented at the restitution hearing showed that after the victim heard something, she went outside and witnessed Folson's car running into her car. At that time, she also saw that the gas tank was propped open with syrup coming out, and that all four of her tires had been slashed. She acknowledged that she had not seen who caused the damage to her tires or her gas tank, but she had "surveillance footage of [Folson's] car running down my street that morning." Strong circumstantial evidence, coupled with the lack of evidence that anyone else had caused the additional damage, supported the conclusion that the damage to the victim's tires and gas tank was proximately caused by Folson as part of committing the offense of criminal damaging. *See State v. Brand*, 3d Dist. Seneca No. 13-01-02, 2001 Ohio App. LEXIS 3572, *6 (Aug. 15, 2001). Circumstantial and direct evidence inherently possess the same probative value. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991),

paragraph two of the syllabus; *State v. Thomas*, 1st Dist. Hamilton No. C-210519, 2022-Ohio-2218, ¶ 7.

**{¶22}** *State v. Yerkey*, Slip Opinion No. 2022-Ohio-4298, presents a situation much different from the present case. In *Yerkey*, the victim sought restitution for lost wages she incurred due to work that she had missed in connection with attending hearings for the criminal case. The Supreme Court stated that the losses of the sort claimed by the victim did not flow as a natural and continuous consequence of the commission of the crime. In contrast, in this case, the additional damage to the victim's car occurred as a natural and continuous consequence of Folson's criminal conduct that resulted in her conviction for criminal damaging.

**{¶23}** The amount of restitution ordered by the trial court was supported by competent, credible evidence. Therefore, it was not so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. *See State v. Guthrie*, 1st Dist. Hamilton No. C-180661, 2020-Ohio-501, ¶ 24; *State v. Riggins*, 1st Dist. Hamilton No. C-180069, 2019-Ohio-3254, ¶ 20. Consequently, I would overrule Folson's assignment of error and affirm the trial court's judgment in all respects.

Please note:

The court has recorded its own entry on the date of the release of this opinion.