[Cite as *State v. McKinney*, 2025-Ohio-4826.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO.   C-250007
                                                   TRIAL NO.    23/CRB/19227
    Plaintiff-Appellee,              :

  vs.                                    :
                                                            *JUDGMENT ENTRY*
JOHNELL MCKINNEY,                        :

    Defendant-Appellant.             :


This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 10/22/2025 per order of the court.**


**By:**_____
      **Administrative Judge**

[Cite as *State v. McKinney*, 2025-Ohio-4826.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250007 |
|  |  | TRIAL NO. | 23/CRB/19227 |
| Plaintiff-Appellee, | : |  |  |
| vs. | : |  |  |
|  |  | *O P I N I O N* |  |
| JOHNELL MCKINNEY, | : |  |  |
| Defendant-Appellant. | : |  |  |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 22, 2025

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Joseph M. Cossins*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Presiding Judge.**

{¶1} In this appeal, defendant-appellant Johnell McKinney challenges a restitution award imposed by the trial court following his conviction for criminal damaging. McKinney argues that the award exceeded the economic loss caused by his act of throwing a brick at the prosecuting witness's vehicle. For the reasons that follow, we affirm the restitution award.

### *Factual and Procedural History*

{¶2} McKinney was charged in the Hamilton County Municipal Court with one count of criminal damaging in violation of R.C. 2909.06, a misdemeanor of the second degree. He pleaded no contest. At the plea hearing, the prosecutor read the following factual allegations into the record:

> On or about November 5, 2023, in the City of Cincinnati, Hamilton County, Ohio, the defendant knowingly did cause a substantial risk of physical harm to the property of [the prosecuting witness], without her consent, contrary to and in violation of 2909.06, which is a misdemeanor of the second degree.
>
> More specifically, the victim was with the defendant. They were arguing. And during that argument, the victim saw the defendant throw a brick at her car windshield, which caused it to shatter. An independent witness also saw this.

{¶3} McKinney indicated on the record that he had no objection to these factual allegations, and the trial court convicted him of the offense. The matter then proceeded to a sentencing hearing, at which the State sought restitution on behalf of the prosecuting witness. McKinney objected to the amount of restitution, so the trial court rescheduled the cause for a combined sentencing and restitution hearing.

**{¶4}** That hearing took place on December 9, 2024. In support of its request for restitution, the State presented testimony by the prosecuting witness and documentary evidence to support the amount of damage to the prosecuting witness's car. Specifically, the prosecuting witness testified that McKinney caused damage to both the windshield and hood of the vehicle when he threw a brick at her car. She indicated that her vehicle had no other damage prior or subsequent to McKinney's act of throwing the brick. She also testified that she repaired the windshield before inquiring about the hood repair, as the condition of the windshield rendered the vehicle undriveable. She further explained that she took out a loan to pay for the windshield repair, which later was transferred to debt collection because of her inability to make timely and complete payments. The prosecuting witness supported her testimony with exhibits setting forth the amount of the windshield repair, the amount of the loan and outstanding debt-collection balance, and the estimate to repair the hood.

**{¶5}** Based on this evidence, the State sought restitution in the amount of $1,589.29. This amount included (1) $645.32 for the amount owed to a debt collection agency for the defaulted loan used to pay for the windshield repair; (2) $854.10 for the estimated hood repair; and (3) $89.87 for the amount already paid on the loan. The State argued that these expenses were all causally linked to McKinney's act of damaging the prosecuting witness's vehicle, constituting economic loss. Therefore, the State contended the amounts were properly incorporated into the State's requested restitution award.

**{¶6}** McKinney objected to the State's request, contending that any restitution award greater than the cost of the actual windshield repair, which was $483.52, exceeded the economic loss suffered by the prosecuting witness as a result of

McKinney's actions.

{¶7}    The trial court partially agreed with McKinney and partially agreed with the State.  It rejected the State's request to include the prosecuting witness's loan expenses in the restitution award.  But it included both the damage to the windshield, totaling $483.52, and the damage to the hood, estimated at $854.10, in its restitution calculation.  The trial court accordingly ordered McKinney to pay $1,337.62 in restitution to the prosecuting witness.  McKinney then submitted a $160 payment to the prosecuting witness outside the courtroom, and the trial court adjusted the restitution award to reflect that payment.  The final restitution award reflected in the trial court's judgment entry was therefore $1,177.62.  In addition to ordering restitution, the trial court sentenced McKinney to a suspended 90-day jail term, a $0 fine, and remitted court costs.  McKinney timely appeals.

### *Analysis*

{¶8}    McKinney raises a single assignment of error in which he partially challenges the trial court's restitution award.  McKinney does not dispute the portion of the trial court's judgment in which he was ordered to reimburse the prosecuting witness for the repair of her windshield.  Rather, he takes issue with the portion of the trial court's judgment requiring him to pay $854.10 in restitution for the hood repair.  McKinney argues that the trial court abused its discretion by including the hood damage in the restitution award because it exceeded the economic loss caused by his criminal-damaging offense.

{¶9}    We review a trial court's restitution order in a misdemeanor case for abuse of discretion.  *State v. Haskett*, 2024-Ohio-5933, ¶ 13 (1st Dist.).  An abuse of discretion occurs when a court acts in a way that is arbitrary, unreasonable, or unconscionable.  *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 33.  The abuse-of-

5

discretion standard is highly deferential to the lower court. *State ex rel. Cincinnati Enquirer v. Hunter*, 2013-Ohio-5614, ¶ 29.

{¶10} R.C. 2929.28 governs financial sanctions in a misdemeanor case. One of the financial sanctions a trial court may impose on an offender in a misdemeanor case is an order of restitution. R.C. 2929.28(A)(1). The statute mandates that restitution awards be confined to "the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." *Id.* "Economic loss" is statutorily defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense[.]" R.C. 2929.01(L). In order for a consequence, such as economic loss, to be considered a "direct and proximate result" of a criminal act, the consequence must be "'foreseeable'" and "'produced by the natural and continuous sequence of events following the act.'" *State v. Folson*, 2023-Ohio-55, ¶ 12 (1st Dist.), quoting *State v. Yerkey*, 2022-Ohio-4298, ¶ 16. The State has the burden of establishing the amount of restitution by a preponderance of the evidence. *Haskett* at ¶ 14, citing *State v. Moore*, 2023-Ohio-3318, ¶ 11 (1st Dist.); R.C. 2929.28(A)(1).

{¶11} McKinney raises three contentions in support of his challenge to the trial court's restitution award. First, he contends that damage to the prosecuting witness's hood cannot constitute a direct and proximate result of his criminal-damaging offense because it was not explicitly referenced in the complaint. He in essence asks us to equate the causation standard embedded in the definition of economic loss with a pleading standard, but he cites no authority for this proposition, nor can we locate any. In the absence of precedent that would compel the result McKinney seeks, we decline to conclude that economic loss as defined by R.C. 2929.01(L) must be described in a criminal complaint before it may be recouped in a

restitution order.

**{¶12}** McKinney does, however, rely upon *Folson* in arguing that the restitution order for hood damages exceeded the prosecuting witness's economic loss that was directly and proximately caused by his criminal-damaging offense. *Folson* similarly addressed a restitution order where a car was damaged in the course of a misdemeanor criminal-damaging offense. *Id.* at ¶ 2. According to the complaint, the defendant rear-ended the victim's car, damaging its bumper. *Id.* But at the restitution hearing, the victim testified that the defendant caused significantly more extensive damage to her vehicle. *Id.* at ¶ 5-6. After inspecting her car, the victim discovered that the tires were slashed, and the gas tank was filled with syrup. *Id.* at ¶ 5. She also observed the defendant back into the door of her car in addition to its bumper. *Id.* The trial court awarded restitution for the damage to the victim's bumper and side door, as well as for the slashed tires and damaged gas tank. *Id.* at ¶ 6.

**{¶13}** On appeal, we upheld the trial court's restitution award for damage to the door of the victim's car, even though it was not mentioned in the complaint, because body damage to a car is a natural and continuous consequence of the act described in the complaint—rear-ending a vehicle. *Folson*, 2023-Ohio-55, at ¶ 18-19 (1st Dist.). But we reversed the trial court's restitution award as to the damage to the victim's gas tank and slashed tires. *Id.* at ¶ 15. Unlike damage to a car door, slashed tires and a clogged gas tank are not the natural consequences of intentionally hitting a car. *Id.* at ¶ 14. Therefore, we reasoned that the damage to the victim's gas tank and tires did not constitute economic loss as defined by the statute, and we reversed the trial court's restitution award as to those amounts. *Id.*

**{¶14}** *Folson* therefore undermines, rather than supports, McKinney's argument. In *Folson*, we upheld the trial court's award of restitution for door damage,

even though that specific damage was not described in the complaint. *Id*. at ¶ 18-19. In doing so, we implicitly rejected the contention that the complaint must set forth all the damage that constitutes economic loss in order for a prosecuting witness to later recoup restitution for damages directly and proximately caused by a defendant's conduct. *Id*. at ¶ 4, 18. We do so again today.

{¶15} To the extent that *Folson* limits trial courts in awarding restitution for economic loss in misdemeanor cases, it is relevant to the second of McKinney's arguments. In addition to arguing that the complaint limits restitution, McKinney further contends that the hood damage was not a direct and proximate result of the commission of McKinney's offense of criminal damaging. Following *Folson*, we disagree.

{¶16} By way of his no-contest plea, McKinney admitted that he threw a brick at the windshield of the prosecuting witness's car. Just as it was foreseeable in *Folson* that ramming a car with a vehicle could damage panels other than the bumper, it was foreseeable in this case that throwing a brick at a car could cause additional damage to other parts of the vehicle besides the windshield. *Folson*, 2023-Ohio-55, at ¶ 18 (1st Dist.). As the trial court observed, the brick had to go somewhere once it bounced off the windshield, and the hood of the car is a logical place for it to land. Moreover, no additional acts, beyond throwing a brick, would be required to damage the prosecuting witness's car hood. This distinguishes the damage in this case from the slashed tires and clogged gas tank in *Folson*, which could not have realistically been caused by a vehicle collision. *Id*. We accordingly agree with the trial court that the hood damage was properly included in the calculation of economic loss, as it was a natural and foreseeable consequence of McKinney's criminal conduct.

{¶17} Lastly, McKinney contends that the record lacks competent, credible

8

evidence to support the trial court's restitution award. A restitution award must be "'supported by competent, credible evidence in the record from which the court can discern the amount of restitution to a reasonable degree of certainty.'" *Haskett*, 2024-Ohio-5933, at ¶ 15 (1st Dist.), quoting *Moore*, 2023-Ohio-3318, at ¶ 10 (1st Dist.), quoting *State v. Caldwell*, 2023-Ohio-355, ¶ 14 (4th Dist.). In making this determination, we have long recognized that "the credibility of witnesses is primarily an initial determination for the trier of fact." *State v. Brown*, 2024-Ohio-2148, ¶ 17 (1st Dist.), citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. This is because "[t]he trier of fact is best able 'to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" *Id.* at ¶ 17, quoting *State v. Wilson*, 2007-Ohio-2202, ¶ 24.

**{¶18}** At the restitution hearing, the State, through the testimony of the prosecuting witness, presented ample evidence to support the trial court's restitution award. The prosecuting witness testified to the windshield and hood damage, the amount to repair the windshield, and the estimate to repair the hood. She produced documents to support each expense. The trial court found the prosecuting witness's testimony to be credible and reliable, and we defer to that determination.

**{¶19}** Competent and credible evidence therefore supported the trial court's judgment ordering McKinney to pay restitution for damage to the prosecuting witness's car hood. We accordingly overrule McKinney's single assignment of error.

### Conclusion

**{¶20}** The trial court did not abuse its discretion in awarding restitution for damage to the prosecuting witness's car hood after McKinney threw a brick at her windshield. We overrule McKinney's assignment of error and affirm the trial court's

judgment.

Judgment affirmed.

**CROUSE** and **BOCK, JJ.,** concur.