[Cite as *In re L.M.*, 2025-Ohio-5839.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: L.M.

C.A. No.     31421

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DL 24 05 0413

DECISION AND JOURNAL ENTRY

Dated: December 31, 2025

FLAGG LANZINGER, Presiding Judge.

{¶1}     L.M. appeals the dispositional order of the Summit County Court of Common Pleas, Juvenile Division, ordering him to pay restitution.  This Court affirms.

I.

{¶2}     On April 22, 2024, a Macedonia police officer filed a complaint against L.M. in the Summit County Court of Common Pleas, Juvenile Division alleging that L.M. appeared to be a delinquent child as defined by R.C. 2152.02 by engaging in conduct sufficient to establish the elements of (1) receiving stolen property, in violation of R.C. 2913.51, a felony of the fourth degree if committed by an adult, and (2) obstructing official business in violation of R.C. 2921.31, a misdemeanor of the second degree if committed by an adult.  Specifically, the complaint alleged that L.M. had "reasonable cause to believe that the vehicle he was riding or driving in was stolen."

{¶3}     The State agreed to amend the receiving stolen property charge to a misdemeanor of the first degree in exchange for L.M. entering an admission to the allegations in the complaint.

The trial court granted the State's motion to amend, and L.M. waived his right to trial and admitted the allegations in the complaint. The trial court thereafter adjudicated L.M. a delinquent child as to both counts and ordered L.M. to make restitution to the victim as part of its disposition orders.

{¶4} The matter proceeded to a restitution hearing before a magistrate. The magistrate heard testimony from the victim. The victim testified that prior to his vehicle being stolen, the only damage was a scratch on the driver's side but that, upon return, the vehicle had damage to the driver's side bumper, the driver's side fender above the tire, along the passenger's side fender, the back window, the steering column, and the gas-tank door. The estimate to repair the damage was $3,874.31. The victim further testified that he had incurred a diagnostic bill in the amount of $97.19 and a corresponding estimate to repair the front brakes and suspension of the vehicle in the amount of $429.28. Finally, the victim also testified that he incurred a towing bill in the amount of $197.48.

{¶5} In addition to the victim's testimony, the State presented the following exhibits: (1) a preliminary estimate to repair the victim's vehicle, (2) a copy of the victim's insurance card and insurance policy declarations, and (3) nine photographs depicting damage to the vehicle. L.M. presented one exhibit: the Macedonia Police Department Report regarding the incident. The Report indicated that when an officer tried to pull the vehicle over for speeding, the vehicle led officers on a high-speed chase. The Report also indicated that three individuals were arrested in connection with the incident.

{¶6} Following the restitution hearing, the magistrate issued a decision concluding the victim was entitled to restitution for damage sustained to the vehicle's bumper, grille, fenders, and rear door totaling $3,519.51, plus the towing bill in the amount of $197.48. The magistrate deducted the cost to repair the steering column from the repair estimate on the basis that such

damage was related to the theft of the vehicle, an offense for which L.M. was not adjudicated delinquent. Although the victim testified that he believed the damage to the front brakes and suspension was related to the high-speed pursuit, the magistrate determined the damage was more likely related to normal wear and tear. Finally, the magistrate determined that L.M. should be responsible for one third of the victim's economic loss ($1,238.99) because three individuals had been charged with receiving stolen property in relation to the victim's vehicle.

{¶7}   L.M. objected to the magistrate's decision, asserting that the restitution order was "unsupported by sufficient evidence or against the manifest weight of the evidence" because "the record contains no competent, credible evidence that the victim's alleged economic loss—was caused by the crime for which [L.M.] was found delinquent—merely *receiving* that car."

{¶8}   In its judgment entry overruling L.M.'s objection, the trial court determined that the victim was entitled to restitution for damage sustained to the vehicle's bumper and grille, fenders, and rear door totaling $3,519.51, but not for the cost to repair the damage to the steering column or the costs related to repairing the brakes and suspension for the same reasons expressed by the magistrate. The trial court also determined that the victim was entitled to restitution for the cost of towing the vehicle.

{¶9}   L.M. filed this timely appeal raising one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING RESTITUTION.

{¶10}  In his sole assignment of error, L.M. contends the trial court erred in ordering restitution because there was "no evidence that L.M.'s being a passenger directly and proximately damaged the car." We disagree.

{¶11}  "'[T]his Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion.'" *In re D.P.*, 2025-Ohio-95, ¶ 13 (9th Dist.), quoting *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 17 (9th Dist.).  "Under an abuse of discretion standard of review, this Court must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable." *In re D.P.* at ¶ 13, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "'In so doing, we consider the trial court's action with reference to the nature of the underlying matter.'" *In re D.P.* at ¶ 13, quoting *Tabatabai* at ¶ 18.

{¶12}  A review of the trial court's judgment entry overruling L.M.'s objections shows the trial court analyzed the objection pursuant to R.C. 2929.18(A)(1)—the statute permitting a trial court to impose restitution as part of a felony sentence.  However, restitution following a delinquency adjudication is governed by R.C. 2152.20(A)(3) and not R.C. 2929.18(A)(1).[1] Regardless, L.M. does not assert on appeal that the trial court erred in applying R.C. 2929.18(A)(1).

{¶13}  R.C. 2152.20(A)(3) provides, in relevant part, that if a child is adjudicated a delinquent child, the juvenile court may "require the child to make restitution to the victim of the child's delinquent act . . . in an amount based upon the victim's economic loss caused by or related to the delinquent act . . . ."  In determining the amount of restitution, a trial court must order "full restitution for any expenses related to a victim's economic loss due to the delinquent act." R.C. 2152.203.

---

[1]  *But see In re T.C.*, 2015-Ohio-4384, ¶ 8, fn. 2 (8th Dist.) (noting that the appellate court considered caselaw pertaining to R.C. 2929.18(A)(1), restitution in felony sentencing, when analyzing R.C. 2152.20(A)(3), restitution in juvenile dispositions, because "both statutes are identical in language and effect."); *In re J.G.*, 2021-Ohio-1624, ¶ 47 (3d Dist.) (citing caselaw analyzing R.C. 2929.18(A)(1) as support for court's analysis of appellant's claim relating to R.C. 2152.20(A)(3)); *In re M.A.*, 2016-Ohio-1161, ¶ 16-34 (11th Dist.) (same); *In re R.S.*, 2023-Ohio-45, ¶ 14-15, 19-24 (12th Dist.) (same); *In re A.B.*, 2021-Ohio-4273, ¶ 12, 15 (1st Dist.) (same).

"Economic loss" means any economic detriment suffered by a victim of a delinquent act or juvenile traffic offense *as a direct and proximate result* of the delinquent act or juvenile traffic offense and includes any loss of income due to lost time at work because of any injury caused to the victim and any property loss, medical cost, or funeral expense incurred as a result of the delinquent act or juvenile traffic offense. "Economic loss" does not include non-economic loss or any punitive or exemplary damages.

(Emphasis added.) R.C. 2152.02(K).

{¶14} In this case, the trial court found that the damage sustained to the vehicle's bumper, grille, fenders, rear door, and the towing expenses were all foreseeable and natural consequences of L.M.'s actions. Those actions included being found in possession of a vehicle after it had been stolen and while it was engaged in a high-speed chase attempting to evade the police. On appeal, L.M. contends that the trial court erred by concluding that the damage was a direct and proximate result of the commission of his offense because he only admitted to being a passenger in the vehicle.

{¶15} Based on the record in this case, we cannot conclude that the trial court abused its discretion. "[A] consequence is a direct and proximate result of an act when the consequence is foreseeable and is produced by the natural and continuous sequence of events following the act." *State v. Yerkey*, 2022-Ohio-4298, ¶ 16. "When reviewing whether a restitution order was a direct and proximate result of the commission of the offense, appellate courts review the record to determine whether it supports the trial court's findings regarding causation." *State v. Smith*, 2023-Ohio-126, ¶ 19 (11th Dist.) (collecting cases).

{¶16} Here, the Macedonia Police Department Report, which L.M. presented as evidence, indicates that a Macedonia Police Officer attempted to stop the vehicle after observing it to be traveling 89 miles-per-hour in a 65 mile-per-hour zone. However, when the officer got behind the vehicle, it made an improper turn and immediately began accelerating. The report indicates that

the vehicle reached speeds of 92 miles-per-hour, weaved through traffic without signaling, and ran through a red light. At that point, the officer terminated his pursuit. The vehicle was then located by Northfield Village Police, who pursued the vehicle until the three occupants fled on foot. L.M. and two other juveniles were apprehended shortly after. All three juveniles denied being the driver of the stolen vehicle.

{¶17} Additionally, L.M. expressly admitted to the charges in the complaint. The complaint alleged, in part, that L.M. engaged in conduct sufficient to establish the elements of receiving stolen property in violation of R.C. 2913.51. That statute prohibits a person from "receiv[ing], retain[ing], or dispos[ing] of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." The complaint further alleged that the vehicle

> had a busted out back driver side window that was duct taped over. The ignition . . . was also obviously tampered with and had a USB charging cable sticking out of it. [L.M.] also fled from the vehicle after it was involved in a pursuit. L.M. took the time before fleeing from the vehicle to put a black ski mask on over his face. The [vehicle] was confirmed stolen from Cleveland, and was reported by the owner on 4/15/24 at 1301 hours.

{¶18} Finally, the uncontroverted evidence presented at the restitution hearing shows that the victim's vehicle was damaged after it was stolen and before it was returned to him. *See State v. Lynn*, 2016-Ohio-2849, ¶ 6-8 (1st Dist.) (upholding a restitution award to compensate a victim for damage to her truck following the appellant's unauthorized use, when victim testimony credibly established that "the truck was not damaged when she reported it stolen, and it was damaged when police recovered it.").

{¶19} Based on the record, we cannot say that the trial court abused its discretion in finding the damage and towing bill were a foreseeable and natural consequence of L.M.'s actions.

L.M. was criminally in possession of the vehicle after it had been stolen and while it was engaged in a high-speed chase attempting to evade the police.

{¶20} L.M.'s sole assignment of error is overruled.

III.

{¶21} L.M.'s sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, J.
<u>CONCURS.</u>

HENSAL, J.
<u>CONCURS IN JUDGMENT ONLY.</u>


<u>APPEARANCES:</u>

JOSEPH SHELL, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JAMIE L. MORRIS, Assistant Prosecuting Attorney, for Appellee.